# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7310 | **DATE** | November 18, 2010 |
| **CASE TITLE** | William Ward (#B-46539) vs. Frank G. Zelezinski, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Menard Correctional Center. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Defendants, a Cook County Circuit Court judge and two Illinois Appellate Court judges, violated Plaintiff's constitutional rights by denying him due process. More specifically, Plaintiff alleges that the Circuit Judge erroneously denied, without holding an evidentiary hearing, Plaintiff's post-conviction petition even though it established his actual innocence; Plaintiff further contends that the Appellate Court judges wrongfully denied his ensuing appeal.

The Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $8.10 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.

**(CONTINUED)**

mjm

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable civil claim as a matter of law. All three of the Defendants are immune from suit.

The Supreme Court repeatedly has held that a judge may not be held to answer in civil damages for acts committed in the exercise of his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57; see also *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course her claims against the judges are barred; . . . they have absolute immunity from such damages claims") (citations omitted). Plaintiff may not sue the judges who ruled against him for damages; his only avenue to review their decisions is to seek leave to appeal to the Illinois Supreme Court and then the U.S. Supreme Court.

If Plaintiff wishes to challenge his conviction in federal court, he must file a petition for a writ of habeas corpus. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In the case at bar, a finding that Plaintiff's post-conviction petition was improperly dismissed would necessarily call into question the validity of the underlying conviction.

A plaintiff may not contest his criminal conviction by way of a civil rights action; where, as here, a complaint is tantamount to a claim that Plaintiff is entitled to an immediate or more speedy release from incarceration, the claim must be raised by way of a petition for a writ of habeas corpus. See, *e.g., Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. . . ." *Beaven v. Roth*, 74 Fed. Appx. 635, 638 (7th Cir. 2003) (citations omitted).

The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, the case "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* Plaintiff should carefully review 28 U.S.C. § 2254, along with its accompanying exhaustion and timeliness requirements, prior to initiating a habeas action.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted under civil rights laws. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal Court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).